SARAH ESLINE

*vs,*

THE UNITED STATES.

ERROR TO THE CRIMINAL COURT.   DECIDED JAN. 11, 1842.

*Indictment for Larceny.*

Where property is taken from the owner openly and in his presence and in the presence of others with a felonious intent to steal the same, it is larceny.

BRENT & BRENT for petitioner.

P. R. FENDALL for United States.

Sarah Esline was indicted for feloniously stealing, taking and carrying away one green veil of the value of $2 of the goods and chattels of one Eveline Alison.

On said indictment the jury rendered a verdict of guilty.

The Criminal Court, Judge James Dunlop presiding, rendered the following judgment:

That the said Sarah Esline suffer imprisonment in the jail for three months and pay a fine of $2.

Before the jury withdrew from the bar of the court here, the said defendant, by her attorney, filed in the court, the following bill of exceptions:

On the trial of this cause, the United States offered evidence tending to prove that the owner of the veil named in the indictment, was walking in company with others on Pennsylvania avenue in Washington city. That the prisoner with another person came up, and after they had walked a short distance the prisoner snatched the veil from the witness' head and ran off with the veil. That the witness saw the prisoner when she snatched the veil, but that the eyes of the witness and the eyes of the prisoner did not meet. That the witness pursued the prisoner, but did not overtake her till half an hour afterwards. When the witness overtook her at the house of one Harriet Jones, to which house the witness had followed the prisoner. That the witness asked the prisoner why she had taken the witness' veil, to which question the prisoner answered that she had not taken the veil, and that she had not been out. That Richard R.

Burr, a constable, who had accompanied witness to said house of Harriet Jones, then took hold of the prisoner and drew her from the chair on which she was sitting ; and that the veil named in the indictment was then found in the chair on which the prisoner had just been sitting as aforesaid. Whereupon the counsel for the prisoner prayed the court to instruct the jury, that should they be satisfied that the defendant took the veil of the prosecutrix before her and other persons, and that it was done openly in the presence of the owner as well as of other persons known to the owner, it amounts only to a trespass and that the defendant is entitled to a verdict of acquittal, which instruction the court gave, but with a qualification, that the jury should be satisfied from the evidence that the veil was not taken with a felonious intent to steal the same. To the giving of which qualification, the prisoner, by her counsel, excepted.

After argument by counsel the court dismissed the appeal.